UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY R. MCKEE,<br><br>Plaintiff,<br><br>v.<br><br>KATHY BODNAR, et al.,<br><br>Defendants. | No. CV-12-5102-JTR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW |

**BEFORE THE COURT** is Plaintiff's Motion to voluntarily dismiss his case pursuant to FED. R. CIV. P. 41(a)(2). ECF No. 94. Plaintiff, an inmate at the Coyote Ridge Corrections Center (CRCC) at the time of the events alleged in the complaint, appears *pro se*. Defendants are represented by Candie M. Dibble and John C. Dittman, Washington State Assistant Attorneys General. The parties have not consented to proceed before a magistrate judge.

## PROCEDURAL HISTORY

Plaintiff filed a complaint in Franklin County Superior Court in May 2012, alleging Defendants violated his federal rights under the First Amendment of the United States Constitution. ECF No. 1. Plaintiff filed an amended complaint in July 2012. ECF No. 1. The action was removed to federal court on July 30, 2012, based on federal question jurisdiction, 28 U.S.C. § 1331. ECF No. 1. On August 29, 2012, in advance of the Court's scheduling conference, Defendants filed a

ORDER . . . - 1

Motion for Summary Judgment, supported by a Memorandum and Declarations. ECF Nos. 7-12. On September 7, 2012, the Court struck the Motion for Summary Judgment but granted Defendants leave to renew the Motion following the completion of the scheduling conference. ECF No. 28. On April 29, 2013, Co-Defendant Matthew G. Silva's claims against Defendants were dismissed, with prejudice, based on a stipulation of the parties. ECF No. 80. Defendants subsequently filed another Motion for Summary Judgment with respect to Mr. McKee's claims. ECF No. 82. In response, Plaintiff filed a "Motion to Withdraw" his action **without prejudice**. ECF No. 94. Defendants filed a response on August 26, 2013, requesting that Plaintiff's Complaint be dismissed **with prejudice**. ECF No. 95. On September 5, 2013, Plaintiff filed a reply brief. ECF No. 99. The matter is now before the Court.

## BACKGROUND

Plaintiff, a prisoner at the CRCC, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants conspired to deprive him of his "legal CDs" when his CDs were rejected by the CRCC mailroom. Plaintiff argues Defendants' behavior violated his civil rights under the First Amendment right to free speech, access the courts, and confidential communications with counsel. ECF No. 1. Plaintiff additionally alleges that Defendants have retaliated against him for filing grievances and civil actions. ECF No. 1. The following Defendants are named in the amended complaint: Kathy P. Bodnar, public records officer employed by the Washington State Attorney General's Office; Bernard Warner, Department of Corrections (DOC) secretary; Dan Pacholke, DOC deputy director of prisons; Israel Gonzalez, DOC correctional manager of prisons; Michael P. Watkins, DOC security operations manager; Jeffrey Uttecht, superintendent of the CRCC; Richard Duncan, a CRCC lieutenant; Edward Trowbridge, a CRCC lieutenant; Randal Smith, a CRCC sergeant assigned to the CRCC mailroom; and Michael True, a CRCC corrections officer assigned to the CRCC mailroom. ECF No. 1. Plaintiff

seeks declaratory and injunctive relief and monetary damages. ECF No. 1.

## DISCUSSION

Plaintiff has moved the Court to voluntarily dismiss his case, without prejudice. ECF No. 94. Plaintiff claims he has been segregated, infracted, and separated from his legal materials since the filing of this action. ECF No. 94 at 2. As a result, Plaintiff indicates he does not have the legal research capabilities, discovery and resources "to further litigate this case or answer the pending summary judgment motion." ECF No. 94 at 2-3. Plaintiff requests that his Complaint be dismissed, without prejudice, or, in the alternative, the hearing on Defendants' Motion for Summary Judgment be continued to permit him an opportunity to "amend and supplement his complaint." ECF No. 94 at 3.

Defendants oppose a dismissal without prejudice and oppose a continuance for further amendment of the Complaint. ECF No. 95. Defendants request that the court either address the pending summary judgment Motion or dismiss Plaintiff's Complaint **with prejudice**. ECF No. 95.

### A.    Voluntary Dismissal

Pursuant to FED. R. CIV. P. 41(a)(2), a plaintiff may dismiss an action after an opposing party files a summary judgment motion only with the approval of the Court. A district court should grant a motion for voluntary dismissal unless a defendant can show it will sustain some plain legal prejudice as a result. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable. *See, Watson v. Clark*, 716 F.Supp. 1354, 1356 (D. Nev. 1989), aff'd, 909 F.2d 1490, 1990 WL 111365 (9th Cir. 1990). Factors to consider in determining legal prejudice are:

(1) The defendant's effort and expense involved in preparing for trial;

(2) Excessive delay and lack of diligence on the part of the plaintiff in

prosecuting the action;

(3) Insufficient explanation of the need to take a dismissal; and

(4) The fact that summary judgment has been filed by the defendant.

*Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987); *see, also, Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986); *United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999).

Under the circumstances of this case, these factors, in total, weigh in favor of Defendants: the case has been pending for over a year, Defendants have produced over 1,200 pages in discovery, numerous motions have been filed and resolved, Plaintiff has failed to offer a sufficient explanation of his need to take a dismissal, and Defendants have filed a lengthy summary judgment Motion addressing Plaintiff claims. The Court finds it would result in legal prejudice to Defendants if this action was dismissed, without prejudice, prior to the resolution of Defendants' summary judgment Motion. Accordingly, Plaintiff's Motion to dismiss his Complaint, without prejudice, is denied at this time.

**B.     Continuance Request**

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure "[a] party may amend its pleading once as a matter of course" 21 days after serving the pleading. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

Plaintiff's amended complaint was filed over a year ago. Since that time, discovery has been provided, several motions have been argued and resolved, and Defendants have filed a dispositive motion, which remains pending. The Court finds that any second amendment to Plaintiff's complaint at this juncture would only cause undue delay in this matter. Plaintiff's Motion for leave to amend and supplement his July 2012 Amended Complaint is therefore denied.

1   Defendants' summary judgment Motion was filed on June 3, 2013, ECF No. 82-86; however, this Motion is nearly identical to the summary judgment Motion Defendants filed at the onset of the case, ECF No. 7-12.[1]  Plaintiff has thus been on notice of Defendants' position and arguments on summary judgment since August 29, 2012.  Defendants' pending Motion for Summary Judgment was noted for hearing without oral argument on September 10, 2013.  ECF No. 93.  Although Plaintiff has been on notice of Defendants' summary judgment arguments for over a year and the hearing date for the Motion has passed, the Court finds, in the interest of justice, that Plaintiff shall be granted additional time to respond to Defendants' pending Motion for Summary Judgment.  Plaintiff shall provide a response to Defendants' Motion for Summary Judgment, ECF No. 82, no later than **45 days from the date of this order**.  Should Plaintiff fail to provide a timely response to Defendants' Motion for Summary Judgment, the Court shall recommend the case be dismissed **with prejudice**.  Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion to voluntarily dismiss his Complaint, without Prejudice, **ECF No. 94,** is **DENIED**;

2.   Plaintiff's alternative request for leave to amend and supplement his Complaint is **DENIED**; and

3.   Plaintiff is **GRANTED** a continuance of **45 days from the date of this order** to file a response to Defendants' Motion for Summary Judgment.  **A failure to file a timely response to Defendants' Motion for Summary Judgment, ECF No. 82, will result in a recommendation of a dismissal of this case WITH PREJUDICE.**

---

[1] As indicated above, on September 7, 2012, the Court struck Defendants' initial Motion for Summary Judgment, but granted Defendants leave to renew the Motion following the completion of the scheduling conference.  ECF No. 28.

ORDER . . . - 5

1       4.    Defendants' Motion for Summary Judgment, ECF No. 82, will be
2  heard, without oral argument, **November 27, 2013.**
3      The District Court Executive is directed to file this Order and provide copies
4  to Plaintiff and counsel for Defendants.
5      DATED September 18, 2013.

                S/ JOHN T. RODGERS
            UNITED STATES MAGISTRATE JUDGE